UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTHONY LAMONT ROBINSON, )
a/k/a Mustafa El-Min, )
 )
      Movant, )
 )
vs. ) No. 4:04CV1771-SNL
 )
UNITED STATES OF AMERICA, )
 )
      Respondent. )

**ORDER**

Movant has filed motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The government has responded and movant has replied to the government's response.

Movant presents six points to support his request for relief under § 2255. These are:

1. Movant was denied his right to a first direct appeal;

2. Movant's conviction was obtained by a plea of guilty without understanding the consequences of his plea;

3. Movant's counsel was ineffective in failing to assert that his prior conviction for the crime of escape was not a crime of violence;

4. Movant's prior conviction for escape is not a crime of violence;

5. The decisions in Apprendi v. New Jersey and Blakeley v. Washington should apply retroactively in this case;

6. Prior convictions must be proved beyond a reasonable doubt before a sentence can be based upon prior convictions.

As most of these claims, if not all, involve ineffective assistance of counsel, the standard should be first examined.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The performance prong of the Strickland test remains the same. Id. at 58-59. To establish prejudice in the context of the plea process the defendant must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.

The standard has recently been defined by the United States Court of Appeals for the Eighth Circuit as follows:

"An ineffective assistance claim generally requires two showings. 'First, the defendant must show that counsel's performance was deficient.' Strickland, 466 U.S. at 687, 104 S.Ct. 2052. This entails 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Id. Second, the defendant must show prejudice. Id. to show prejudice, he or she must prove that 'counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable.' Id.; *accord* Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice

is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair')." Covey v. U.S., 377 F.3d 903, 906 (8th Cir. 2004). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. Be Roo v. U.S., 223 F.3d 919, 925 (8th Cir. 2000). Ordinarily, if the defendant cannot prove prejudice it is not necessary to address whether counsel's performance was deficient. U.S. v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996); Be Roo, at 925.

The parties entered into a plea agreement pursuant to which movant entered a plea of guilty to a one-count indictment on August 14, 2003. He was sentenced December 22, 2003. Both the plea and the sentence were before the case of Blakeley v. Washington, 124 S.Ct. 2531 (2004) and U.S. v. Booker, 125 S.Ct. 738 (2005) were handed down.

In the agreement, the parties estimated the total offense level to be 23 with the criminal history to be determined at the time of sentencing. As part of paragraph 3F the parties agreed that "Specifically, the defendant is aware that he may be designated a 'career offender' under Chapter 4B1.1 of the Guidelines and that such a designation could result in an enhanced base offense level and an enhanced criminal history category being applied to his sentence."

In paragraph 3G of the agreement the parties stated "Specifically in the event the defendant is designated as a 'career offender' under §4B1.1, he is permitted to make a downward departure motion based on an overstated criminal history. In the event such a motion is made and denied, however, such a decision shall not be subject to appeal." Nonetheless, in § 2B(1) the parties agreed that "Further, the parties also reserve the right to appeal the determination of the applicability of §4B1.1 of the Guidelines (the 'career offender' provision) to the defendant."

At the time of sentencing, the Court determined that the defendant was a career offender pursuant to § 4B1.1 of the Sentencing Guidelines. One of the convictions the Court used for the purpose of determining the defendant was a career offender was that he had committed a "crime of violence" in that he had been found guilty of escape. It is this finding which movant feels was not only error by the Court but ineffective assistance of counsel in not resisting the Court's finding. For illustration, for movant's fourth ground, he asserts that his escape conviction is not a crime of violence. In the first ground, movant asserts he was denied his right to a first direct appeal because his counsel failed to oppose the finding that his escape from custody offense was a violent offense. A similar argument is urged in ground two when it is asserted that since no physical force is involved, the escape from custody cannot be a crime of violence. In count three, movant alleges his counsel was ineffective because he failed to request an inquiry to determine if a conviction of escape is a crime of violence.

These four grounds for relief must be ruled against movant. Although he engages in substantial rhetoric about physical force being required to constitute a crime of violence, he overlooks Eighth Circuit law. In U.S. v. Gary, 341 F.3d 829 (8th Cir. 2003) the district court found that Gary had a prior felony conviction of escape from federal custody. This increased his base-offense level under § 4B1.2 of the Sentencing Guidelines. On appeal, Gary stated that his prior conviction was an unarmed walk-away escape from federal custody and, therefore, should not be categorized as a crime of violence.

On appeal, the Court found "The sentencing guidelines, however, 'direct us to examine the nature of the expressly charged conduct, rather than the particulars of the defendant's behavior, to determine whether a particular offense is a crime of violence.' . . . Under this approach, we have

categorically defined an escape as a crime of violence because, by its nature, an escape involves a potential risk of physical injury to others. Id. This includes 'walk-away' escapes even though there is no use or threat of force or violence." Gary, 341 F.3d at 836.

Accordingly, here it was proper for the Court to use movant's escape conviction as a crime of violence subjecting him to career offender status. Movant's counsel was not ineffective for failure to contest that finding nor was movant denied his right to a first direct appeal.

Grounds five and six are similar. Movant asserts that Apprendi and Blakeley, supra apply retroactively, and accordingly movant's sentence should be set aside.

The gravamen of grounds five and six in the motion is that movant's sentence was imposed in accordance with a federal statutory provision that was declared unconstitutional in United States v. Booker, 125 S.Ct. 738 (2005). Every federal circuit court that has considered the issue, however, has decided that Booker does not apply retroactively to cases on collateral review. See Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); In re Anderson, 396 F.3d 1336, 1340-41 (11th Cir. 2005). This Court agrees with these decision and finds that they are consistent with the law in this circuit. In United States v. Moss, 252 F.3d 993 (8th Cir. 2001), a panel of the Eighth Circuit Court of Appeals held that a precursor to Booker - Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) - was not retroactively applicable to cases on collateral review because the rule was not of watershed magnitude. The prohibition against applying Booker retroactively to cases on collateral review exists whether movant frames his Booker claim as one arising under the Sixth Amendment or as one arising

under the due process clause of the Fifth Amendment. To hold otherwise would under cut <u>Teague v. Lane</u>, 489 U.S. 288 (1989).

Having determined that the six grounds for relief under § 2255 are meritless, the request for relief should be denied.

Dated this  13th  day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE